IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Robert L. Slayton,  )
    Petitioner,  )
            )
v.  )   1:08cv1096 (LMB/IDD)
            )
Gene M. Johnson,  )
    Respondent.  )

## MEMORANDUM OPINION

Robert L. Slayton, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of multiple felony offenses in the Circuit Court for the City of Richmond, Virginia. The petition initially was filed in the Roanoke Division of the United States District Court for the Western District of Virginia, and was transferred to the district of conviction in the interest of judicial economy. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Slayton was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has opted to file no reply. For the reasons that follow, Slayton's claims must be dismissed.

### I. Background

In this petition for § 2254 habeas corpus relief, Slayton makes the following claims:

1. His attorney provided ineffective assistance by failing to object to inconsistent verdicts on the issue of intent.

2. He received ineffective assistance of counsel when his attorney conceded during closing argument without Slayton's consent that Slayton "perhaps" was guilty of lesser included charges.

> 3. The Court of Appeals of Virginia violated his right to due process when it declined to invoke the 'ends of justice' exception to address his claim of inconsistent verdicts on the merits.
>
> 4. The Commonwealth's Attorney violated his right to due process by making false statements during closing argument.
>
> 5. Counsel rendered ineffective assistance by failing to object to the Commonwealth's Attorney's closing argument.
>
> 6. The conviction and sentence were the result of passion and prejudice, because the witnesses and the judge were all black and Slayton is white.
>
> 7. Counsel provided ineffective assistance by failing to object when a witness testified differently at trial than he had at the preliminary hearing.

On February 1, 2001, following a bench trial, Slayton was found guilty of two counts of maiming and one count each of aggravated malicious wounding, assault and battery, and burglary. Resp. Ex. A. The charges stemmed from an incident where Slayton participated in beating four young men with baseball bats, causing one victim to suffer a severe nasal fracture and to lose an eye. Resp. Ex. T. On April 9, 2001, Slayton was sentenced to serve an aggregate of 99 years and 12 months in prison, with 60 years suspended. Id. Although Slayton appealed his conviction to the Court of Appeals of Virginia, the appeal was dismissed on August 29, 2001, after no petition for appeal was timely filed. Resp. Ex. B. Slayton submitted a petition for a state writ of habeas corpus to the trial court on March 31, 2002, but the petition was voluntarily withdrawn prior to adjudication. Resp. Ex. C - D.

On August 28, 2002, Slayton filed a second habeas application in the trial court, raising

eleven claims for relief. In pertinent part, Slayton asserted that he had been denied his right to a direct appeal, and he raised claims 2, 4 and 6 of the instant petition, as listed above. Resp. Ex. E. By Order and Letter Opinion dated January 30, 2003, the Court dismissed the claims corresponding to 2, 4 and 6 of the current petition, along with two other claims, on the basis of the Virginia Code's inclusion requirement for habeas petitions.[1] Resp. Ex. G. The court ordered that supplementary pleadings limited to the issue of Slayton's waiver of his right to direct appeal be filed within forty-five (45) days, and appointed counsel to assist Slayton in doing so. Id. However, Slayton noticed an appeal of the partial dismissal order on February 19, 2003, and the circuit court court accordingly stayed consideration of Slayton's remaining claims until the appeal was concluded. Resp. Ex. H - I. On September 26, 2003, the Virginia Supreme Court dismissed the appeal of the partial dismissal order, on the ground that no petition for appeal had been timely filed. Resp. Ex. J.

On April 25, 2005, the habeas trial court conducted an evidentiary hearing on Slayton's claim that he had been denied his right to direct appeal. By Letter Opinion and Order dated August 26, 2005, the court granted Slayton relief on his claim, and directed the Commonwealth to request the Court of Appeals to grant Slayton a belated appeal. However, no ruling on the five (5) claims for habeas relief that remained unadjudicated by the partial dismissal order of February 19, 2003 was included. Resp. Ex. K. The Virginia Court of Appeals granted Slayton a belated appeal, and Slayton raised four claims for relief in his initial brief. Resp. Ex. U. Pertinent to the instant petition was

---

[1] The Code specifies that "no writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code § 8.01-654(B)(2). Citing Dorsey v. Angelone, 261 Va. 601 (2001), the court found that Slayton could have asserted claims 2 and 4 in his earlier habeas application but failed to do so, so the claims were subject to dismissal.

Slayton's contention that the trial court erred in rendering inconsistent verdicts, a claim which the appellate court rejected on the following holding:

> Slayton argues that the trial court committed reversible error by convicting him of two counts of malicious wounding and one count of aggravated malicious wounding, but acquitting him of one count of attempted malicious wounding. Slayton notes that he did not preserve this issue for appeal in the trial court, and asks us to apply the 'ends of justice' exception to Rule 5A:18. We decline to do so.
>
> Application of the ends of justice exception requires proof of an error that was 'clear, substantial and material.' Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E. 2d 8, 11 (1989). The record ' must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.' Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E. 2d 269, 272 (1997) (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). Application of the ends of justice exception is appropriate where '[the accused] was convicted for conduct that was not a criminal offense' or 'the record ... affirmatively proves that an element of the offense did not occur.' Id. at 221-22, 487 S.E.2d at 272-73.
>
> The record in this case does not meet this well-settled standard. Slayton was not convicted for non-criminal behavior. Moreover, the record does not affirmatively prove that an element of the offense did not occur. On the contrary, the record is replete with evidence of malice and the intent to disfigure, maim, disable or kill as to three of the victims, as discussed *supra*. See Nobles v. Commonwealth, 218 Va. 548, 238 S.E.2d 808 (1977) (holding conviction for trespass, rather than statutory burglary, was not inconsistent with conviction for attempted murder because defendant's intent could change after entering the house). We therefore decline to apply the 'ends of justice' exception in this case.

Slayton v. Commonwealth, R. No. 0441-06-2 (Va. Ct. App. May 1, 2007) (unpublished); Resp. Ex. T at 11-12. Slayton petitioned the Virginia Supreme Court for review of the foregoing judgment, but the petition was refused on September 7, 2007. Slayton v. Commonwealth, R. No. 071163 (Va. Sept. 7, 2007); Resp. Ex. W.

4

On July 31, 2008, Slayton submitted a petition for state habeas corpus relief to the Virginia Supreme Court, raising the same six claims for relief he makes in this federal proceeding. Resp. Ex. X. The petition was dismissed on September 15, 2008, on the express holding that Virginia Code § 8.01-654(B)(2) precludes habeas corpus relief "on the basis of any allegation the facts of which the petitioner had knowledge at the time of filing any previous petition." Slayton v. Dir., Dep't of Corrections, R. No. 081553 (Va. Sept. 15, 2008); Resp. Ex. Y.

This federal proceeding ensued on October 14, 2008.[2] Respondent has filed a Rule 5 Answer to the petition, as well as Motion to Dismiss Slayton's claims with a supporting brief and exhibits. (Docket ## 5 - 7) Respondent subsequently filed additional exhibits appended to notices of correction. (Docket ## 8, 10) Slayton was apprised of his right to file responsive materials pursuant to Roseboro, 528 F.2d at 309, and he has filed no response. Respondent does not contest the timeliness of this petition under 28 U.S.C. § 2244(d). Because Slayton has exhausted his claims as required under 28 U.S.C. § 2254,[3] this matter is now ripe for review.

---

[2]A habeas corpus petition submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Slayton certified that his petition was placed in the prison mailing system on October 14, 2008. Pet. at 15.

[3]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a § 2254 applicant in this jurisdiction must first have presented the same factual and legal claims raised in his federal petition to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus proceeding. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

5

## II. Applicable Law

A state court's finding of procedural default is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst, 501 U.S. at 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

## III. Analysis

Respondent argues in the brief supporting his Motion to Dismiss that this petition should be dismissed without prejudice, because Slayton's five claims for state habeas corpus relief that

6

remained unadjudicated by the partial dismissal order of February 19, 2003 were never appealed and so remain unexhausted.[4] Accordingly, respondent urges that this petition is subject to dismissal without prejudice pursuant to Rose v. Lundy, 455 U.S. 509 (1982), because it contains both exhausted and unexhausted claims. Resp. Brief at ¶¶ 15 - 16. However, that principle does not appear to be applicable here, because none of the five claims which remained unexhausted following the partial dismissal of Slayton's second state habeas application have been asserted in this federal petition.[5] Instead, as discussed above, the claims corresponding to claims 2, 4 and 6 of this petition were dismissed in the state court's Order and Letter Opinion of January 30, 2003, Resp. Ex. G, Slayton took an appeal of that Order, Resp. Ex. H, and the Virginia Supreme Court dismissed the appeal on the ground that no petition for appeal was timely filed. Resp. Ex. J. Therefore, even if no appeal subsequently was perfected of the claims which remained pending following entry of the partial dismissal order, the claims presently pending before this Court are unaffected, and adjudication of this petition is not precluded.

However, consideration of the merits of all of Slayton's claims is foreclosed because all of his present claims were defaulted in the state forum pursuant to Virginia Code § 8.01-654(B)(2). Claims 2, 4 and 6 of this petition were dismissed on the basis of § 8.01-654(B)(2) in the Order and

---

[4]In respondent's Brief, counsel for respondent states that she filed a supplemental motion to dismiss the appeal of the five unadjudicated claims, Resp. Brief at 6, n. 3, but the record before this Court is silent as to the result. However, since the five claims at issue in the state appeal are not reiterated in this federal proceeding, this petition can be disposed of regardless of whether the state appeal remains pending.

[5]In the claims which remained pending following entry of the partial dismissal order, Slayton argued that the evidence was insufficient to prove statutory burglary, assault and battery, malicious wounding, and aggravated malicious wounding, and that the prosecutor knowingly used perjured testimony at trial. Resp. Ex. E, G. None of those claims is at issue in this federal action.

Letter Opinion of January 30, 2003, Resp. Ex. G, and the appeal of that determination was dismissed by the Virginia Supreme Court. Resp. Ex. J. Slayton reiterated those claims, along with all of the claims he raises here, in his third state habeas proceeding. Resp. Ex. X. In that instance, all claims were dismissed by the Virginia Supreme Court expressly on the basis of § 8.01-654(B)(2). Resp. Ex. Y. The Fourth Circuit has held consistently that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for decision. See e.g., Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997); Gray v. Netherland, 99 F.3d 158, 163 (4th Cir. 1996). Thus, Slayton's claims are procedurally defaulted and barred from review by this Court absent a showing of cause and prejudice or a fundamental miscarriage of justice. Harris, 489 U.S. at 260. However, after respondent invoked the procedural bar defense in his Brief and provided Slayton with an appropriate Roseboro notice, Slayton made no attempt to satisfy the cause and prejudice or actual innocence requirement to excuse the procedural default of his claims.[6] Accordingly, those claims are foreclosed from federal consideration on the merits.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed. An appropriate Order shall issue.

Entered this __10th__ day of __March__ 2010.

/s/ _____
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

---

[6] Indeed, the inapplicability of the actual innocence exception would appear to be suggested by the opinion issued by the Virginia Court of Appeals on Slayton's belated appeal. Slayton, R. No. 0441-06-2.